UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY ENWERE,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN GRANT, et al.,<br><br>    Defendants. | Case No. 13-cv-05471-JCS<br><br>**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. 1915 WITH LEAVE TO AMEND; GRANTING MOTION FOR RELIEF FROM DEADLINES IN SCHEDULING ORDER.**<br><br>**Dkt. Nos. 1, 7.** |

## I.   INTRODUCTION

Plaintiff Cathy Enwere (hereafter, "Plaintiff") filed a complaint against Defendants Kevin Grant and Danielson Indemnity Company (hereafter, "Defendants") alleging fraud, breach of contract and illegal repossession of her car. Plaintiff also filed an application to proceed *in forma pauperis*, which the Court granted upon finding Plaintiff to be indigent. *See* Dkt. No. 6. Having granted Plaintiff's application, the Court now considers whether Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an *in forma pauperis* complaint that is frivolous, malicious or fails to state a claim. *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). For the reasons explained in further detail below, the Court finds that the complaint fails to state a claim and also fails to establish subject matter jurisdiction. Accordingly, the complaint is DISMISSED with leave to amend.[1]

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). *See* Dkt. No. 9. Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendant in order to properly dismiss claims brought in this action because Defendant has not been served, and, as a result, is not a party. *See Neals v. Norwood*, 59 F.3d 520, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore

## II. BACKGROUND

The allegations in the complaint are difficult to understand. From what the Court can gather, Plaintiff alleges that Defendant Grant breached a contract and committed fraud regarding Plaintiff's car, which appears to have been repossessed by Wells Fargo. Compl. at 1. This was allegedly an unlawful repossession. *Id*. Plaintiff states that Defendant "Grant went [through] all of the illegal schemes possible to throw Ms. Enwere off acting as a mediator to get claim & damages settle…." *Id*. at 3.

Two other individuals are mentioned in the complaint, but they are not named as defendants and their connection to the events is not clear. Plaintiff first states that "Grant claims Jonathon Cruz as the insured, when collision report by East Palo Alto Police department clearly reported Jose Perez as the insured party." Compl. at 1. On the next page, Plaintiff writes that she "wants to know why would Kevin Grant put Jose Perez on a claims form with Jonathon Cruz and his name in front of Jonathon Cruz if he wasn't the real insured party by Danielson Indemnity Company." *Id*. at 2.

Plaintiff also alleges that she was never sent copies of the checks given to Wells Fargo Dealer Services to know that her money was given to this company. She alleges that Kevin Grant said he would send her copies of the checks once they cleared, but had not yet sent them by the time Plaintiff filed the complaint. *Id*.

## III. DISCUSSION

There are two main deficiencies in Plaintiff's complaint. The first is that the complaint fails to establish subject-matter jurisdiction. The second is that the complaint fails to state a claim. Therefore, the complaint must be dismissed, and will not be served upon Defendants. Plaintiff will, however, be granted leave to amend her complaint to cure the deficiencies discussed below.

//

---

were not parties); *see also United States v. Real Prop*., 135 F.3d 1212, 1217 (8th Cir. 1998) (holding the magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

### A. Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, as they must have jurisdiction over the subject-matter of the action. Where subject-matter jurisdiction is lacking, the case must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1).

There are two types of subject-matter jurisdiction: diversity jurisdiction and federal-question jurisdiction. There is diversity jurisdiction if the dispute is between "citizens of different states" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. There is federal question jurisdiction if the case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In this case, the complaint fails to establish either diversity jurisdiction or federal question jurisdiction. There is no diversity jurisdiction for two reasons. First, Plaintiff does not allege the amount in controversy, and therefore does not establish that the amount in controversy exceeds $75,000. Second, Plaintiff does not allege that she is a citizen of a different state than all of the defendants in this action. There are no allegations in the complaint regarding the citizenship of any of the parties, though Plaintiff does indicate that her home address is in Menlo Park, California. Compl. at 1. If Plaintiff is a citizen of California, there is no diversity jurisdiction unless both Kevin Grant and Danielson Indemnity Company are *not* also citizens of California. As currently pled, the complaint fails to establish diversity jurisdiction.

The complaint also fails to establish federal-question jurisdiction. While Plaintiff has not asserted any specific cause of action, she alleges fraud, breach of contract and unlawful repossession of her car in her complaint. Claims for fraud, breach of contract and unlawful repossession arise under state law, not federal law. Therefore, the complaint fails to establish federal-question jurisdiction.

### B. Review under 28 U.S.C. § 1915

#### 1. Legal Standard

Under 28 U.S.C. § 1915, if a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and proceed *in forma pauperis*, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which

3

1  relief may be granted; or (3) seek monetary relief from a defendant who is immune from such
2  relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim for relief, Plaintiff must make "a short and
3  plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).
4  When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact
5  as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of*
6  *Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a
7  complaint's allegations as true," however, "is inapplicable to … mere conclusory statements."
8  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545
9  (2007)). The complaint need not contain "detailed factual allegations," but must allege facts
10 sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing
11 *Twombly*, 550 U.S. at 547). Complaints filed by *pro se* litigants must be liberally construed.
12 *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 2. Analysis

14 As noted above, Plaintiff has not asserted any specific cause of action, but she alleges
15 fraud, breach of contract and unlawful repossession of her car. Nevertheless, for each of these
16 claims, Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §
17 1915(e)(2)(B). The Court discussed each claim separately.

#### i. *Fraud*

19 Fraud is a state common law cause of action. The elements of a properly pled fraud claim
20 are: "(a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of
21 falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e)
22 resulting damage." *Philipson & Simon v. Gulsvig*, 154 Cal.App.4th 347, 363 (2007) (quotations
23 omitted). Moreover, a special pleading standard applies to claims for fraud. Specifically, "a party
24 must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.
25 9(b). A plaintiff alleging fraud must plead "the who, what, when, where, and how' of the
26 misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).
27 The complaint fails to state a claim for fraud. Plaintiff has not pled facts to satisfy any one
28 of the elements of a fraud claim. Plaintiff has also failed to state with particularity the

United States District Court
Northern District of California

circumstances constituting fraud, as she has not alleged the "who, what, when where and how" of the circumstances surrounding the alleged fraud. *See Vess*, 317 F.3d at 1106.

### ii. *Breach of Contract*

Breach of contract is also a state common law cause of action. To state a claim for breach of contract, a plaintiff must plead the following elements: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to the plaintiff. *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 821 (2011).

The complaint fails to state a claim for breach of contract. Plaintiff has not pled facts to satisfy any one of the elements of a breach of contract claim. Plaintiff has not alleged that there was a contract or that Defendants breached the contract. Plaintiff has also not alleged that she performed her obligations on the contract and that she was damaged by Defendants' breach.

### iii. *Unlawful Repossession*

A claim for unlawful repossession of a motor vehicle is a state statutory cause of action. The Rees-Levering Motor Vehicle Sales and Finance Act, Civil Code §§ 2981, *et seq*. (hereafter, "the Act"), governs the repossession of a car. "The legislative purpose in enacting the Rees-Levering Act was to provide more comprehensive protection for the unsophisticated motor vehicle consumer." *Cerra v. Blackstone*, 172 Cal. App. 3d 604, 608 (Cal. Ct. App. 1985). Pursuant to § 2983.2 of the Act, a buyer has a right to receive notice fifteen days prior to resale of the vehicle, and, subject to certain exceptions, the right to reinstate the contract in the manner outlined in § 2983.3. *Id*. at 609.

The complaint fails to state a claim under the Act. The allegations are vague and do not indicate that Plaintiff's car was unlawfully repossessed, or that there was any violation of the Act.

### C.     **Similarity to Past Case**

As a final matter, the Court notes that this action bears some resemblance to another action filed by Plaintiff, which Plaintiff voluntarily dismissed with prejudice on August 23, 2013. *See Enwere v. American National Company of Insurance, et al*., No. 13-1160-LB (N.D. Cal) (hereafter, "the 1160 case"), Dkt. No. 11. In the 1160 case, Plaintiff sued American National Company of Insurance, Danielson Indemnity Insurance, and Wells Fargo Dealer Services. *See id*.,

5

1  Dkt. No. 1.  In this case, Plaintiff is suing Danielson Indemnity Company and Kevin Grant.  The
2  complaint also mentions Jonathon Cruz and Jose Perez, payments that Plaintiff made on her car,
3  and alleges fraudulent repossession.  Like the complaint in this case, the complaint in the 1160
4  case is difficult to understand.

5      To the extent the allegations in this case overlap with those asserted in the 1160 case, the
6  doctrine of res judicata may bar Plaintiff's claims.  *See Stewart v. U.S. Bancorp*, 297 F.3d 953,
7  956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were
8  raised or could have been raised in a prior action.") (emphasis in original); *see also Elliot v.*
9  *Benefits Management Corp.*, No. 13-4152-JCS (N.D. Cal), Dkt. No. 7 at 5 (noting that the
10 plaintiff's claims bore resemblance to another case and may be barred to the extent they overlap).
11 Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the
12 merits, and (3) identity or privity between parties."  *Owens v. Kaiser Found. Health Plan, Inc.*,
13 244 F.3d 708, 713 (9th Cir. 2001) (quotations omitted).

**IV.  MOTION TO CONTINUE**

15     Plaintiff also filed a Motion to Continue the Setting of Initial Case Management
16 Conference and ADR Deadlines.  *See* Dkt. No. 7.  In the Court's November 26, 2013 ADR
17 Scheduling Order, the Court set January 31, 2014 as the last day for the parties to meet and confer
18 and file an ADR Certification, and February 14, 2014 as the last day to file a Rule 26(f) Report
19 and complete initial disclosures.  *See* Dkt. No. 3.  Plaintiff is hereby relieved from complying with
20 these deadlines.  New dates will be set in this case if and when Defendants are served with the
21 complaint.

**V.  CONCLUSION**

23     For the foregoing reasons, the complaint is DISMISSED with leave to amend.  If Plaintiff
24 chooses to amend her complaint, she must do so within thirty (30) days of the date of this order.  If
25 Plaintiff does not amend, the Clerk is directed to close the file.

26     Plaintiff is encouraged to contact the Legal Help Center of the Justice Diversity Center of
27 the Bar Association of San Francisco, Room 2796, 15th Floor, 450 Golden Gate Avenue, San
28 Francisco, California.  Appointments may be made by signing up in the appointment book located

6

1  on the table outside the door of the Legal Help Center or by calling (415) 782-8982.

2  **IT IS SO ORDERED**.

3  Dated: January 23, 2014

```
                                    JOSEPH C. SPERO
                                    United States Magistrate Judge
```

7